IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| HUGO AMBRIZ, | § | |
| Institutional ID No. 12083-180, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-CV-00201-BU |
| | § | |
| FEDERAL CORRECTIONAL | § | |
| INSTITUTION – BIG SPRING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITES STATES MAGISTRATE JUDGE**

On November 29, 2018, pro se plaintiff Hugo Ambriz filed this civil action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), 18 U.S.C. § 4042(a)(2), and the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 2671. *See* Dkt. Nos. 1, 11, 20. Ambriz claims that between February 2016 and November 2016, while incarcerated at the Federal Correctional Institution in Big Spring, Texas, he was repeatedly prescribed medications to which he was allergic, and which ultimately led to his contracting Stevens-Johnson Syndrome. *Id*. Ambriz claims the Defendants' conduct constituted negligence and deliberate indifference to his serious medical needs. *Id*.

On October 6, 2021, the Court entered an Order for Service and Partial Dismissal, allowing Ambriz's negligence claims against the United States and Defendants R. Gupta, M.D.; Kenneth Russell, M.D.; and FCI Big Spring medical staffers Javier Alvarez, M.L.P., Alison Murphree, Angela Willborn, R.N., and Halina Sosa to survive the Court's

1

preliminary screening under 28 U.S.C § 1915A, while dismissing Ambriz's other claims. Dkt. No. 28.

The remaining Defendants have not consented to the undersigned exercising the full jurisdiction of this Court. Accordingly, for the reasons explained below, the undersigned RECOMMENDS that Ambriz's negligence claims against Defendants Gupta, Russell, Alvarez, Murphree, Willborn, and Sosa be DISMISSED without prejudice under Rule 4(m) for failure to timely effect service and under Rule 41(b) for failure to prosecute and to obey an order of this Court.

## I.   BACKGROUND

Ambriz appealed the Court's Order for Service and Patrial Dismissal, and his case was administratively closed pending the disposition of the appeal. Dkt. Nos. 30, 37. The Court of Appeals dismissed Ambriz's appeal for want of prosecution because Ambriz failed to file a brief and record excerpts. Dkt. No. 42.

On February 1, 2023, the Court lifted the stay in this action and reopened the case and ordered Ambriz to complete by May 2, 2023, the necessary summons and USM-285 forms for each Defendant he wished for the Court to serve. Dkt. No. 43. Ambriz failed to complete the necessary summons and forms by the deadline, and the Court Ordered Ambriz to show cause by May 17, 2023, for why his claims against the unserved Defendants should not be dismissed for failure to timely serve under Rule 4(m) and under 41(b) for want of prosecution. Dkt. No. 44. As of the date of this Order, Ambriz has failed to comply with the Court's show cause Order.

II.   ANALYIS

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). A pro se prisoner is not exempt from the requirements of Rule 4(m). *See, e.g.*, *Layton v. McClain*, No. 5:21-CV-122-M-BQ, 2022 WL 17083659, at *2 (N.D. Tex. Oct. 24, 2022), *report and rec. adopted*, 2022 WL 17084144 (N.D. Tex. Nov. 18, 2022). And the dismissal of a prisoner's claims for failing to effect service is appropriate after the plaintiff is made aware of the service defect, the Court provides the plaintiff an opportunity to cure the defect, and the plaintiff fails to communicate with the Court. *See id* (finding that dismissal for failure to effect service was appropriate, even though dismissal would effectively be a dismissal with prejudice due to the statute of limitations).

Additionally, Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–36 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order.").

When a court dismisses an action without prejudice, "'but the applicable statute of limitations probably bars future litigation,'" the dismissal is reviewed the same as a dismissal with prejudice. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (quoting *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (per curiam)). And dismissal with prejudice is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). Since the dismissal of Ambriz's claims without prejudice is effectively a dismissal with prejudice due to the statute of limitations, the undersigned now explains Ambriz's delay in proceeding with this action and how warnings of dismissal have failed to secure Ambriz's compliance.

On February 1, 2023, the undersigned ordered Ambriz to complete by May 2, 2023, the necessary summons and USM-285 forms for each Defendant he wished for the Court to serve. Dkt. No. 43. Although Ambriz was warned that failure to comply with Rule 4(m) would result in the dismissal of his claims, he failed to complete the necessary summons and forms. Accordingly, the Court Ordered Ambriz to show cause by May 17, 2023, for why his claims against the unserved Defendants should not be dismissed for failure to timely serve under Rule 4(m) and under 41(b) for want of prosecution. Dkt. No. 44. Ambriz was cautioned that failure to comply with the Show Cause Order could result in the dismissal of his claims for want of prosecution. *Id.* at 1.

4

Despite providing Ambriz additional time to comply with Rule 4(m) and the Court's show cause Order, Ambriz has failed to do either by the date of this Findings, Conclusions, and Recommendation. Ambriz bears final responsibility for accomplishing service upon Defendants, thus the resulting delay is solely attributable to Ambriz. *See* FED. R. CIV. P. 4(c)(1). Additionally, this case survived the Court's preliminary screening on October 6, 2021, and the United States would be prejudiced by further delays. Thus, the undersigned RECOMMENDS that the United States District Judge Dismiss the unserved Defendants from this action.

## III.   CONCLUSION

For the reasons explained above, the undersigned RECOMMENDS that Ambriz's negligence claims against Defendants Gupta, Russell, Alvarez, Murphree, Willborn, and Sosa be DISMISSED without prejudice under Rule 4(m) for failure to effect service and under Rule 41(b) for failure to prosecute and to obey an order of this Court.

## IV.   RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## VI.  TRANSFER OF CASE

The undersigned ORDERS that this case be TRANSFERRED back to the docket of the Senior United States District Judge and designated as Civil Action No. 1:18-CV-00201-C. The undersigned further RECOMMENDS that this case be TRANSFERRED back to the docket of the undersigned upon resolution of this Findings, Conclusions, and Recommendation.

ORDERED this 11th day of July, 2023.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE