IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| HUGO AMBRIZ, § | |
| Institutional ID No. 12083-180, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:18-CV-00201-BU |
| § | |
| FEDERAL CORRECTIONAL § | |
| INSTITUTION- BIG SPRING, et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Hugo Ambriz, proceeding pro se, filed this this civil action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), 18 U.S.C. § 4042(a)(2), and the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 2671. *See* Dkt. Nos. 1, 11, 20. On October 6, 2021, the Court entered an Order for Service and Partial Dismissal, allowing Ambriz's negligence claims against the United States, R. Gupta, M.D., Kenneth Russell, M.D., Javier Alvarez, Alison Murphree, Angela Willborn, and Halina Sosa to survive the courts preliminary screening under 28 U.S.C § 1915A, while dismissing Ambriz's other claims. Dkt. No. 28.

Now, for the reasons stated below, the undersigned RECOMMENDS that Ambriz's Complaint and all remaining claims be DISMISSED *sua sponte* without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

1

## I.  BACKGROUND

Ambriz appealed the Court's Order of Partial Dismissal, and his case was administratively closed pending the disposition of the appeal. Dkt. No. 37. Ultimately, the Court of Appeals dismissed Ambriz's appeal for want of prosecution because he failed to file a brief and record excerpts. Dkt. No. 42. Then, on February 1, 2023, the Court lifted the stay in this action and, because Ambriz is not proceeding *in forma pauperis*, ordered him to complete by May 2, 2023, the necessary summonses and USM-285 forms for each Defendant he wished the Court to serve. Dkt. No. 43. Ambriz failed to complete the necessary summonses and forms by the deadline, and the Court then ordered him to show cause for why his claims against the unserved Defendants should not be dismissed for failure to timely serve process under Rule 4(m), and under 41(b) for want of prosecution. Dkt. No. 44. Ambriz failed to comply with that Order, and the undersigned recommended that Ambriz's claims against the unserved Defendants—Gupta, Russell, Alvarez, Murphree, Willborn, and Sosa—be dismissed without prejudice. Dkt. No. 45. Senior United States District Judge Sam R. Cummings adopted the recommendation, and those claims were dismissed. Dkt. Nos. 46, 47. As a result, Ambriz's only remaining claims are against the United States.

Ambriz was then ordered to inform the Court by August 24, 2023, of his intent to proceed with his case, and to also show cause for his failure to engage in the litigation process. Ambriz was cautioned in that Order that a failure to respond and inform the Court of his intent to continue prosecuting this case would likely result in the dismissal of his remaining claims under the Court's inherent authority under Rule 41(b) of the Federal

Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). As of the date of this FCR, Ambriz has again failed to respond or otherwise inform the Court of his intent to proceed.

## II.  DISCUSSION

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," for failure to prosecute or for failure to comply with the federal rules or any court order. *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–36 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order."). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here. Ambriz's failure to timely complete the necessary summonses and forms for service, to show cause for that failure, and to notify this Court of his intention to prosecute this case collectively appear

3

to reflect an intent to abandon this lawsuit rather than to create purposeful delay. Regardless, this case cannot proceed without his compliance.

### III.   RECOMMENDATION

For the reasons explained in these Findings, Conclusions, and Recommendation, the undersigned RECOMMENDS that Amrbiz's Complaint be DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to follow this Court's previous Orders. *See* FED. R. CIV. P. 41(b).

### IV.   RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### V.   TRANSFER OF CASE

The undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge Sam R Cummings and be designated as Civil Action No. 1:18-CV-00201-C.

ORDERED this 25th day of September, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE